UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| WALMART INC., et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>PILGRIM'S PRIDE CORPORATION, et al.,<br><br>    Defendants. | Case No. 5:19-cv-05100-TLB |

**MEMORANDUM IN SUPPORT OF
<u>WALMART, INC.'S UNOPPOSED MOTION TO TRANSFER VENUE</u>**

**TABLE OF CONTENTS**

Page

I. Statement of Facts ...................................................................................................1

II. Legal Principles........................................................................................................2

III. Argument .................................................................................................................4

    A. This Motion is uncontested and this case could have been brought in the Northern District of Illinois. ........................................................................4

    B. The case should be transferred to the Northern District of Illinois for the parties' convenience and in the interest of justice. ....................................4

        1. Transfer is appropriate in light of the duplicative litigation in the Northern District of Illinois of similar claims involving the same Defendants, subject matter, and evidence. ......................................5

        2. The remaining factors are neutral or favor transfer. ....................6

IV. Conclusion ...............................................................................................................7

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Adams v. Smithkline Beecham Corp.*,
 2016 WL 469369 (E.D. Mo. Feb. 8, 2016) ................................................................................3

*Ahlstrom v. Clarent Corp.*,
 2002 WL 31856386 (D. Minn. Dec. 19, 2002) ..........................................................................5

*In re Apple, Inc.*,
 602 F.3d 909 (8th Cir. 2010) .....................................................................................................3

*Associated Wholesale Grocers, Inc. v. Koch Foods, Inc.*,
 2018 WL 4361188 (D. Kan. Sept. 13, 2018) .............................................................................1

*In re Broiler Chicken Antitrust Litig.*,
 290 F. Supp. 3d 772 (N.D. Ill. 2017) .........................................................................................2

*In re Broiler Chicken Antitrust Litig.*,
 No. 1:16-cv-08637 (N.D. Ill.) ................................................................................................1, 2

*Canada v. Dominion Enters.*,
 2013 WL 2557727 (W.D. Ark. June 1, 2013) ...........................................................................4

*Chicken Kitchen USA, LLC v. Tyson Foods, Inc.*,
 2017 WL 6760811 (S.D. Fla. Oct. 4, 2017) ...............................................................................1

*Dever v. Sherwin-Williams Co.*,
 2006 WL 375985 (W.D. Ark. Jan. 3, 2006) ..............................................................................4

*Ferens v. John Deere Co.*,
 494 U.S. 516 (1990) ...................................................................................................................4

*Hayes v. Wal-Mart Stores East, L.P.*,
 2017 WL 6452778 (W.D. Ark. Dec. 18, 2017) .....................................................................3, 4

*Huggins v. Stryker Corp.*,
 932 F. Supp. 2d 972 (D. Minn. 2013) ........................................................................................5

*I-T-E Circuit Breaker Co. v. Regan*,
 348 F.2d 403 (8th Cir. 1965) .....................................................................................................5

*Miner v. Altria Grp., Inc.*,
 2006 WL 6870504 (W.D. Ark. Jan. 23, 2006) ..........................................................................5

**Statutes**

15 U.S.C. § 22 ................................................................................................................................3

28 U.S.C. § 1391(b)(2) ................................................................................................................3, 5

28 U.S.C. § 1404 ..............................................................................................................1, 2, 3, 4, 5

**Other Authorities**

15 Wright & Miller, Federal Practice & Procedure: Jurisdiction §3844 & n.5
   (4th ed.) ......................................................................................................................................4

Plaintiffs Walmart, Inc.; Wal-Mart Stores East, LP; Wal-Mart Stores Arkansas, LLC; Wal-Mart Stores Texas, LLC; Wal-Mart Louisiana, LLC; Sam's West, Inc.; and Sam's East, Inc., (collectively, "Walmart") submit this Memorandum in support of its Motion to Transfer Venue to the Northern District of Illinois. No party opposes this motion.[1]

Transfer is appropriate to the Northern District of Illinois because that court is currently handling three class action complaints and twenty-five direct action complaints on behalf of seventy-five direct action plaintiffs, all asserting similar antitrust claims against the Defendants named in this action. *See In re Broiler Chicken Antitrust Litig.*, No. 1:16-cv-08637 (N.D. Ill.). There is no dispute that this case could have been brought in the Northern District of Illinois and that the Northern District of Illinois is the more convenient venue. In addition to this case, two other broiler antitrust suits have been filed outside of the Northern District of Illinois. In each case, the court held that transfer was warranted under § 1404(a), granting a motion to transfer to the Northern District of Illinois. *See Associated Wholesale Grocers, Inc. v. Koch Foods, Inc.*, 2018 WL 4361188 (D. Kan. Sept. 13, 2018); *Chicken Kitchen USA, LLC v. Tyson Foods, Inc.*, 2017 WL 6760811 (S.D. Fla. Oct. 4, 2017). Walmart's case should also be transferred in the interest of justice and for the convenience of the parties and witnesses.

## I. Statement of Facts

Walmart filed this lawsuit against various broiler chicken producers on May 24, 2019. Walmart filed in this Court in recognition of forum-selection clauses in its supplier agreements with most of the Defendants. Those clauses make the federal and state courts of Benton and Washington counties the forum for any disputes arising under or relating to the agreements.

---

[1] The Court in the Northern District of Illinois litigation appointed liaison counsel for all of the defendants in that litigation (which includes all of the Defendants in this litigation). Liaison counsel informed Walmart that the Defendants in this action do not oppose this Motion.

Because of the unique facts of this case, it will promote litigation efficiency and judicial economy for this case to be litigated with other, similar cases pending in the Northern District of Illinois. Since 2016, Defendants and other broiler chicken producers have defended against substantially the same antitrust claims in the Northern District of Illinois. *See In re Broiler Chicken Antitrust Litig.*, No. 1:16-cv-08637 (N.D. Ill.). The consolidated cases include both class action and direct action plaintiffs—including from many retailers like Walmart.

The litigation in the Northern District of Illinois is well under way, and transfer would avoid duplication of motion practice and discovery that has already been undertaken there. The court there has already ruled on various motions and set a schedule with discovery currently well under way and to end this year, Exhibit A, Scheduling Order No. 6 (Sept. 13, 2018). The court has provided discovery deadlines for future plaintiffs whose claims are to be consolidated. Exhibit B, Scheduling Order No. 9 and Case Management Order Concerning Direct Action Plaintiffs at 4–6 (Nov. 19, 2018). As of today, Walmart is not aware of any cases containing similar allegations that were not transferred to or originally filed in the Northern District of Illinois.

The Northern District of Illinois currently hosts three class action complaints and twenty-five direct action complaints on behalf of seventy-five direct action plaintiffs, all with the same antitrust allegations. Walmart's case should be transferred, not litigated apart.

## II. Legal Principles

Under 28 U.S.C. § 1404(a), "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Where "[t]he parties consent to the transfer[,]. . . . [v]enue, thus, is proper" in that court. *Adams v.*

*Smithkline Beecham Corp.*, 2016 WL 469369, at *2 (E.D. Mo. Feb. 8, 2016).[2] Venue is also proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

The Court must then weigh "any 'case-specific factors' relevant to convenience and fairness to determine whether transfer is appropriate." *In re Apple, Inc.*, 602 F.3d 909, 912 (8th Cir. 2010). The Eighth Circuit has no "exhaustive list" and the Court "possess[es] the discretion under section 1404(a) 'to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Hayes v. Wal-Mart Stores East, L.P.*, 2017 WL 6452778, at *1 (W.D. Ark. Dec. 18, 2017). Courts in the Eighth Circuit generally consider two groups of factors, grouped under convenience and the interest of justice. *Id.* at *2.

Convenience factors "bear upon the convenience of litigating in a particular court." *Id.* They include

> 1) the convenience of the parties, 2) the convenience of the witnesses—including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, 3) the accessibility to records and documents, 4) the location where the conduct complained of occurred, and 5) the applicability of each forum state's substantive law."

*Id.* (citing *Terra Int'l v. Miss. Chem. Corp.*, 119 F.3d 688, 696 (8th Cir. 1997)). Factors relevant for the interest of justice include

> 1) judicial economy, 2) the plaintiff's initial forum choice, 3) the comparative costs to both parties of litigating in the different forums, 4) enforceability issues for any resulting judgment, 5) obstacles to a fair trial, 6) conflict of law concerns, and 7) the advantage of having a local court determine questions of local law.

*Id.* (citing *Terra Int'l*, 119 F.3d at 696).

---

[2] The Clayton Act independently provides that venue for antitrust claims is appropriate "against a corporation . . . in any district wherein it may be found or transacts business." 15 U.S.C. § 22. Defendants have not challenged venue in the Northern District of Illinois under the Clayton Act.

3

Plaintiffs can, just as defendants, move to transfer venue under 28 U.S.C. § 1404. *Cf. Ferens v. John Deere Co.*, 494 U.S. 516, 525 (1990) (holding that transferor forum's choice of law applies to plaintiff's motion to transfer under § 1404); *see also Canada v. Dominion Enters.*, 2013 WL 2557727, at *1 (W.D. Ark. June 1, 2013) (granting unopposed plaintiff's §1404(a) motion to transfer); *Dever v. Sherwin-Williams Co.*, 2006 WL 375985, at *1–2 (W.D. Ark. Jan. 3, 2006) (same); 15 Wright & Miller, Federal Practice & Procedure: Jurisdiction §3844 & n.5 (4th ed.) (collecting cases).

### III.  Argument

The court should transfer this case to the Northern District of Illinois because this Motion is uncontested, and the convenience of the parties and the interest of justice weigh in favor of transfer.

**A. This Motion is uncontested and this case could have been brought in the Northern District of Illinois.**

The threshold inquiry under 28 U.S.C. § 1404(a) is whether the case "might have been brought" in the transferee district and whether "all parties have consented" to the transferee district. Both are met here. First, under both the Clayton Act and the general venue statute, venue is proper in the Northern District of Illinois as some of the Defendants are headquartered in Illinois and "a substantial part of the events or omissions giving rise to the claim occurred" there. *See* 28 U.S.C. § 1391(b)(2); *see* Walmart Compl. ¶¶ 33–36, 62. Second, Defendants do not oppose this motion.

**B. The case should be transferred to the Northern District of Illinois for the parties' convenience and in the interest of justice.**

Because of the ongoing litigation of substantially similar antitrust claims in the Northern District of Illinois, transfer to that court serves both the convenience of the parties and the interest of justice.

4

1. **Transfer is appropriate in light of the duplicative litigation in the Northern District of Illinois of similar claims involving the same Defendants, subject matter, and evidence.**

The Eighth Circuit and this court consider pending related or substantially similar litigation as favoring transfer in the interest of justice under § 1404. *See, e.g.*, *I-T-E Circuit Breaker Co. v. Regan*, 348 F.2d 403, 405 (8th Cir. 1965) (holding transfer of an antitrust case alleging a nationwide conspiracy for consolidation with other similar cases did not violate § 1404 in light of convenience of the witnesses, the transferee district provided "a central location for trial," and "the interest of justice would be served by the apparently planned early trial in Chicago and concentrating many of the power switchgear assembly cases in one jurisdiction and avoiding to the extent possible repetitive trials in many jurisdictions"); *Miner v. Altria Grp., Inc.*, 2006 WL 6870504, at *1 (W.D. Ark. Jan. 23, 2006) (granting motion to transfer in light of "virtually identical putative class action"). Transfer "avoid[s] duplicative litigation and conserve[s] judicial resources. It would also facilitate expeditious pre-trial proceedings and discovery and avoid the possibility of inconsistent results." *Miner*, 2006 WL 6870504 at *1. Courts also consider whether one of the forums is already familiar with the issues and the facts of the case. *See Huggins v. Stryker Corp.*, 932 F. Supp. 2d 972, 983 (D. Minn. 2013). Finally, courts should consider "the likelihood that consolidation will actually occur following transfer." *Ahlstrom v. Clarent Corp.*, 2002 WL 31856386, at *6 (D. Minn. Dec. 19, 2002). These considerations implicate the interest of justice factors for judicial economy and the comparative costs to both parties of litigating in different forums.

Walmart's complaint makes substantially the same allegations and raises the same federal antitrust issues as the cases pending in the Northern District of Illinois. All of the Defendants in this action are defendants in the Illinois action. The Northern District of Illinois court has already

provided for the consolidation of future direct action plaintiffs, and transfer would avoid duplicative motion practice and discovery that has already been undertaken there. The parties stand to avoid significant costs by consolidation in the Illinois litigation. Transfer also serves judicial economy, as Judge Durkin has supervised the parallel litigation for almost three years and is intimately familiar with the facts and issues. The interest of justice weighs heavily in favor of transfer.

    **2.    The remaining factors are neutral or favor transfer.**

Because the remaining factors are neutral or favor transfer, transfer is appropriate in light of the parties' strong interest in litigating these claims in the consolidated actions in the Northern District of Illinois:

Convenience Factors

- Convenience of the parties—all parties to this lawsuit agree that litigating in the Northern District of Illinois would be more convenient.

- Convenience of the witnesses and availability of process to compel attendance—assuming this case is consolidated, all plaintiffs and Defendants can jointly handle issues regarding witnesses and depositions.

- The accessibility of records and documents—Because discovery is well under way in the Illinois litigation, it will be easier to join that case and obtain the discovery produced to date (rather than starting over).

- The location where the conduct complained of occurred—Walmart alleges a nationwide conspiracy to restrain supply of broilers.

- The applicability of state law—Walmart brings only a federal antitrust claim.

Interest of Justice Factors

- The plaintiff's initial forum choice—Walmart brought suit in the Western District in recognition of the forum-selection clauses in its supplier agreements with Defendants. For this limited and unique situation, Walmart consents to transferring this dispute to Illinois.

- Enforceability issues for any resulting judgment—No issue of enforceability is raised by either forum.

- Obstacles to a fair trial—Neither venue presents an obstacle to a fair trial.

- Conflict of law concerns—Walmart's federal antitrust claim raises no conflict of laws concerns.

- The advantage of having a local court determine questions of local law—Walmart's federal antitrust claim raises no questions of Arkansas law.

## IV. Conclusion

This case should be transferred for consolidation with the parallel litigation in the Northern District of Illinois, for the convenience of the parties and in the interest of justice.

7

DATED:  June 7, 2019 Respectfully submitted,

  s/ *Neal S. Manne*
Neal S. Manne (2017083)
Ryan Caughey (Pro hac vice)
J. Patrick Redmon (Pro hac vice)
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Tel: (713) 651-9366
Fax: (713) 654-6666
nmanne@susmangodfrey.com
rcaughey@susmangodfrey.com
predmon@susmangodfrey.com

Shawn J. Rabin (Pro hac vice)
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6023
Tel: (212) 336-8330
Fax: (212) 336-8340
srabin@susmangodfrey.com

Stephen R. Lancaster (93061)
Gary D. Marts, Jr. (2004116)
Eric Berger (2004210)
WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201
Tel: (501) 371-0808
Fax: (501) 376-9442
slancaster@wlj.com
gmarts@wlj.com
eberger@wlj.com

*Attorneys for Plaintiff*